UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANTONIO ROSE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00155-JPH-DLP |
| | ) | |
| FRANK VANIHEL, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Video showed Antonio Rose repeatedly striking a correctional officer and causing injuries that required outside emergency medical care. In his petition for a writ of habeas corpus, Mr. Rose challenges his conviction and the sanctions that were imposed at the disciplinary proceeding that followed. For the reasons that follow, Mr. Rose's habeas petition is **denied**.

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: (1) the issuance of at least 24 hours advance written notice of the charge; (2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; (3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and (4) "some evidence in the record" to support the finding of guilt.

---

[1] The proper respondent in a habeas action under 28 U.S.C. § 2254 is the state official who has custody of the petitioner. See Rule 2(a) of the Rules Governing Section 2254 Cases. The petitioner is currently in custody at Wabash Valley Correctional facility under Warden Frank Vanihel. Accordingly, Warden Frank Vanihel is substituted for Christina Cooke. See Fed. R. Civ. P. 25(d).

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II.     The Disciplinary Proceeding

On April 22, 2020, Investigations Analyst J. Malott issued a Report of Conduct charging Mr. Rose with a violation of Code A-117 for battery against a staff person, volunteer, visitor or contractor. Dkt. 9-1. The Report of Conduct states:

> While reviewing video on 4/17/2020, I, J. Malott found that on 04/17/2020 at approximately 10:39am Offender Rose, Antonio #190314 assaulted Correctional Sergeant B. Lundsford. Offender Rose repeatedly struck Sergeant Lunsford in the facial region, three times with punching with a closed fist and three times kicking hitting Sgt. Lunsford in the facial region. Resulting in Sgt. Lunsford to seek outside emergency medical care.

*Id*. On May 13, 2020, Mr. Rose was notified of the charges, pleaded not guilty, and requested a lay advocate and two witnesses. Dkt. 9-2. On the same day, the disciplinary hearing officer ("DHO") completed a Report of Disciplinary Hearing Video Evidence Review. Dkt. 9-8.

A hearing was held on May 15, 2020. Dkt. 9-5. The evidence presented at the hearing included staff reports, a statement from Mr. Rose, statements from the two witnesses Mr. Rose requested, video evidence, and photographs. *Id*. Based on this evidence, the DHO found Mr. Rose guilty of violating A-117. *Id*. The sanctions imposed included a deprivation of 4,000 days of earned credit time and a three-step demotion in credit class. *Id*. A restitution sanction was also imposed. Specifically, Mr. Rose was required to pay the first $200.00 of Sgt. Lunsford's medical bills and then fifty percent of all medical bills for Sgt. Lunsford in excess of $200. Dkt. 9-5. This amounted to a restitution order of $1650.98. Dkt. 9-11.

On July 20, 2020, Mr. Rose filed an appeal. Dkt. 9-9. In this appeal, Mr. Rose challenged the report of conduct, postponement forms, and report of disciplinary hearing. *Id.* He did not challenge the severity of his sanctions. *Id.* On July 24, 2020, the Facility Head denied the appeal.

2

*Id*. Mr. Rose filed an appeal with the Indiana Department of Correction ("IDOC"), and on August 14, 2020, learned that appeal was also denied. Dkt 9-10.

## I.     Analysis

Mr. Rose asserts three grounds for relief: that the prison officials failed to adhere to prison policy regarding assigning his matter a case number and continuing his disciplinary hearing (grounds one and two) and that his sanction was excessive (ground three). Dkt. 1.

### A.     Violation of Prison Policies

Mr. Rose alleges the prison officials violated his due process rights by not timely assigning his matter a case number. Dkt. 1. He alleges that the prison only provided a case number after he was transferred from one facility to another. *Id*. Similarly, he alleges the prison officials falsified documents and violated prison policy by failing to notify him his case would be continued due to the COVID-19 public health emergency. *Id*.

Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). While Mr. Rose mentions due process, the Eighth Amendment, and equal protection, he has not explained how the policy violations he alleges could violate the constitution. The allegedly falsified documents, for example, do not relate Mr. Rose's guilty finding or sanctions, but to a COVID-related postponement. *See id.* Therefore the claims at issue here are based on prison policy and are not cognizable as a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing

any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review.").

Nor can Mr. Rose claim that his rights under the Equal Protection Clause were violated because other prisoners were provided all the protections or benefits of prison policy. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (*quoting* U.S. Const. amend. XIV, § 1). "The Equal Protection Clause generally protects people who are treated differently because of membership in a suspect class or who have been denied a fundamental right." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 601 (7th Cir. 2016). Mr. Rose does not allege that he is a member of a suspect class or that he was treated differently from other, similarly situated inmates—much less that he was treated differently because of his membership in a suspect class. And, as noted throughout this Order, the rights implicated by this disciplinary proceeding were the due-process rights discussed in *Wolff* and *Hill*—not a fundamental right within the scope of the Equal Protection Clause. Mr. Rose has not made a case for habeas relief on equal protection grounds. *See also Lauderdale-El v. Smith*, No. 2:19-CV-00053-JPH-DLP, 2020 WL 5748131, at *5 (S.D. Ind. Sept. 25, 2020) (rejecting Equal Protection Claim).

### B. Appropriateness of Sanctions

Mr. Rose also alleges his sanctions were too harsh. Specifically, he appears to challenge the loss of "4000 days" of earned credit time and the restitution order of $1650.98.

As a preliminary matter, the respondent argues that Mr. Rose failed to exhaust his available administrative appeals with regard to his challenge to the severity of his sanctions. Mr. Rose's petition appears to attempt to excuse this failure by arguing that he was not aware of the sanctions. Dkt. 1 at p. 4.[2] Because the Respondent has not addressed that argument, it appears to be in the interests of both justice and judicial efficiency that the merits of Mr. Rose's habeas claims be resolved. In *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997), "the Supreme Court noted that its cases have 'suggest[ed] that the procedural-bar issue should ordinarily be considered first.' Nevertheless, added the Court, it did 'not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be.'" *Brown v. Watters*, 599 F.3d 602, 609–10 (7th Cir. 2010) (*quoting Lambrix*, 520 U.S. at 525).

In this case, considering petitioner's claims on the merits rather than first resolving the exhaustion issue will most likely promote judicial economy.

### 1. Restitution

Mr. Rose's complaint regarding his restitution sanction does not entitle him to relief. In the prison discipline context, to be considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001). Therefore, sanctions such as restitution do not result in the petitioner being "in custody" as a result

---

[2] Mr. Rose states: "Due process violation for a total of $1929.00 not stated on Report of Disciplinary Report one month after the fact. I was not aware of said violation. 2) to be sanctioned directly from Disciplinary Code and not from Executive Directive 17-09 that I had no knowledge of and cost me a total of 4000 days (10 years 5 months) reasons for decision  not accessible." Dkt. 1 at p. 4.

of that proceeding. *See Smith v. Neal*, 660 F. App'x 473, 475 (7th Cir. 2016). The same is true for placement in disciplinary segregation. *See Holleman v. Finnan*, 259 F. App'x 878, 879 (7th Cir. 2008); *Montgomery*, 262 F.3d 641, 643-44 (7th Cir. 2001). When non-custodial sanctions are imposed, the prison is "free to use any procedures it chooses, or no procedures at all." *Montgomery*, 262 F.3d at 644-45. Therefore, any challenge to the restitution order may not be brought in this habeas action.

### 2. Loss of Good Time Credits

Mr. Rose also challenges the loss of good time credits. But Mr. Rose does not dispute that the sanctions were within the range corresponding to his offense under IDOC policy. Dkt. 9-12 at 40. The IDOC's Disciplinary Code for Adult Offenders (policy number 02-04-101, effective March 1, 2020) states in relevant part:

> If any adult offender is found guilty of a violation of offense code A 117 'Battery Against a Staff Person, Volunteer, Visitor, or Contractor,' … and the offensive act results in bodily injury being caused to the staff person, … the offender may receive, in addition to the other sanctions listed above, a loss of the entire balance of the offender's accumulated earned credit time.

Dkt. 9-12 at p. 40.

"[A] federal court will not normally review a state sentencing determination which ... falls within the statutory limit," unless the sentence violates the Eighth Amendment by being an "extreme" punishment that is "grossly disproportionate" to the crime. *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997). Here, Mr. Rose lost more than 10 years of his accumulated good time credit. But that is not extreme or grossly disproportionate to his conduct. *See Smith v. Wrigley*, No. 1:09-cv-1201-DFH-TAB, 2009 WL 3270499, at *2 (S.D. Ind. 2009) (applying *Townsend v. Burke*, 334 U.S. 736, 741 (1948) ("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less

on review of the state court's denial of habeas corpus.")); *Lauderdale-El v. Smith*, No. 219CV00053JPHDLP, 2020 WL 5748131, at *5 (S.D. Ind. Sept. 25, 2020) (same). Video evidence showed Mr. Rose striking an officer "until he [was] down on the ground." Dkt. 9-5. Then once the officer was "unconscious," Mr. Rose "deliverr[ed] a final kick." *Id.* The loss of a substantial amount of credit time is not grossly disproportional to that egregious conduct. Nor does Mr. Rose suggest that he had not yet accumulated the time that was taken. *See McKinney v. Zatecky*, No. 120CV01838TWPDML, 2021 WL 1144606, at *5 (S.D. Ind. Mar. 25, 2021) (finding deprivation of loss of the entire balance of prisoner's accumulated earned credit time did not violate due process).

In short, the hearing officer sanctioned Mr. Rose consistent with IDOC policy. In addition, he adequately noted that the sanctions imposed were designed to reflect the serious nature of the offense, Mr. Rose's attitude, and demeanor during the hearing, and the degree to which the violation disrupted and endangered the security of the facility. Dkt. 9-5. Thus, no relief based on the severity of the sanctions is warranted.

## II.   Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Rose to the relief he seeks. Accordingly, Mr. Rose's petition for a writ of habeas corpus is **DENIED**.

Judgment consistent with this Order shall now issue.

**SO ORDERED**.

Date: 2/1/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANTONIO ROSE
190314
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov

Abigail T. Rom
INDIANA ATTORNEY GENERAL
abby.rom@atg.in.gov